**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-86 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| FIRSTENERGY CORP., | : | |
| | : | |
| Defendant. | : | |

**ORDER TOLLING SPEEDY TRIAL CLOCK
AND STAYING CRIMINAL CASE**

On July 22, 2021, Defendant FirstEnergy Corp. was charged by way of single-count Information with conspiracy to commit honest services wire fraud, in violation of 18 U.S.C. §§ 1343, 1346, 1349. (Doc. 1). The parties, however, have entered into a Deferred Prosecution Agreement ("DPA") for a term of three years, subject to extension. (Doc. 3).

Under the Speedy Trial Act, certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence." 18 U.S.C. § 3161(h). One such exclusion is "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court, for the purpose of allowing the defendant to demonstrate his good conduct." *Id*. at § 3161(h)(2). In that regard, the Court may not "scrutinize the prosecution's discretionary charging decisions" but must instead focus on "assur[ing] that the DPA in fact is geared to enabling the defendant to demonstrate

compliance with the law, and is not instead a pretext intended merely to evade the Speedy Trial Act's time constraint." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741, 744 (D.C. Cir. 2016).

Here, the Court finds that the DPA filed in this case is, indeed, an agreement in which the Government has agreed to defer prosecution for the purpose of allowing Defendant FirstEnergy Corp. to demonstrate its good conduct. Therefore, the exclusion of time under the Speedy Trial Act is appropriate.

Based upon the foregoing, the Court **ORDERS** as follows:

(1) The time elapsing from the filing of the DPA (July 22, 2021) until the expiration of the DPA's three-year term, SHALL BE EXCLUDED from the speedy trial computation, pursuant to 18 U.S.C. § 3161(h)(2);

(2) The Government may move to extend the period of exclusion, if and as needed to effectuate the underlying purpose of the DPA; and

(3) As prosecution of this case is deferred, the case shall be STAYED on the docket of this Court, until the Government either moves for dismissal of the charge or advises this Court of its intent to proceed with prosecution.

**IT IS SO ORDERED.**

Date: 7/22/2021

Timothy S. Black
United States District Judge

2